UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAPER CONCEPTS, INC. and SARAH STEFANY,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMERICAN GREETINGS CORPORATION and CARLTON CARDS RETAIL INC.,<br><br>        Defendants. | Civil Action No.<br><br>**05-40162**FDS |

RECEIPT # HOH658
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. Sharon
DATE 9/16/05

## **COMPLAINT**

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., for trade dress infringement under the Trademark Laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051, et seq., and for trade dress infringement arising under the common law of the Commonwealth of Massachusetts.

## **THE PARTIES**

1.  Plaintiff Paper Concepts, Inc. ("Paper Concepts") is an Arizona corporation with a principal place of business in Northboro, Massachusetts.

2.  Plaintiff Sarah Stefany ("Stefany") is an individual residing in Northboro, Massachusetts.

3.  Upon information and belief, Defendant American Greetings Corporation ("American Greetings") is an Ohio corporation with a principal place of business at One American Road, Cleveland, Ohio 44144.

4.  Upon information and belief, Defendant Carlton Cards Retail, Inc. ("Carlton Cards")

is an Ohio corporation with a principal place of business at One American Road, Cleveland, Ohio 44144.

5. Upon information and belief, Defendants American Greetings and Carlton Cards and others sell the complained of products in the marketplace to consumers, including those within this judicial district, as set forth in more detail below.

6. Upon information and belief, Defendants American Greetings and Carlton Cards are each engaged in business in the Commonwealth of Massachusetts and specifically within this judicial district, and/or the alleged wrongs were committed by Defendants in this state and in this judicial district or outside of this state having consequences within this state and in this judicial district; the Defendants derive substantial revenue from intrastate and interstate commerce; and the Defendants are otherwise within the jurisdiction of this Court.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) with respect to the claims arising under the Patent Act, 35 U.S.C. § 101 et seq., pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and pursuant to 28 U.S.C. § 1367 with respect to those claims arising under the laws of the Commonwealth of Massachusetts.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b) because this is an action brought pursuant to the Patent and Trademark Laws of the United States, and because Defendants reside and/or conduct business in this district.

## FACTS COMMON TO ALL COUNTS

9. On March 2, 2004, United States Letters Patent No. 6,698,117 entitled "Greeting Card

System Including Ornament," was duly and legally issued by the United States Patent and Trademark Office to Sarah Stefany as the patentee and inventor thereof.

10. Plaintiff Stefany is the owner of the entire right, title and interest in and to United States Letters Patent No. 6,698,117.

11. Plaintiff Stefany and her exclusive licensee, Paper Concepts, Inc. (collectively, "Plaintiffs") have been engaged in the distribution and sale throughout the United States of distinctively designed greeting cards that embody the invention disclosed in United States Letters Patent No. 6,698,117. Plaintiffs' greeting cards are sold using the trade name Cards with Charm. All such patented products currently carry an appropriate patent marking.

12. Plaintiffs' greeting cards, which embody United States Letters Patent No. 6,698,117, have been marketed and sold in the United States since 2000. Plaintiffs' greeting cards include a removable ornament or charm which relates to the greeting card's unique message. This ornament is generally attached by a ribbon. Copies of examples of Plaintiffs' greeting cards are annexed as Exhibit A.

13. Plaintiffs' greeting cards also have a distinctive look. The look comprises the use of an ornament or charm attached by a ribbon to the greeting card and which is set against a small piece of material or paper in the shape of a square or rectangle. This rectangle or square has scalloped borders and is a different color than the color of the greeting card.

14. Plaintiffs have exhibited their greeting cards at numerous trade shows throughout the country including the National Stationary Show in New York, New York; the New York Gift Show in New York, New York; the LA Gift Show in Los Angeles, California; the Chicago Gift Show in Chicago, Illinois; the Seattle Gift Show in Seattle, Washington; the Atlanta Gift Show in

3

Atlanta, Georgia; the San Francisco Gift Show in San Francisco, California; and the Dallas Gift

Show in Dallas, Texas.  Moreover, Plaintiffs' greeting cards have been extensively advertised in

the United States and elsewhere.  Plaintiffs' greeting cards have received four nominations for

LOUIE awards and were recognized in <u>Giftware Business</u> magazine as one of the top 10 trends

for 2002.

15.  Plaintiffs' greeting cards have enjoyed commercial success in the United States, and

have been sold through more than 1000 retailers in the United States.

16.  As a result of Plaintiffs' promotional efforts, as well as the substantial sale of their

greeting cards, the design of Plaintiffs' greeting cards has become well known and widely

recognized as identifying Plaintiffs' greeting cards, and thereby functions as a valuable business

asset of Plaintiffs.

17.  The aforesaid appearance and "look" of the Plaintiffs' greeting cards comprises a

distinctive trade dress.  Plaintiffs' greeting cards, as described above, are both inherently

distinctive and well known to the consuming public and trade as identifying and distinguishing

Plaintiffs from others.

18.  Upon information and belief, and long after Plaintiffs commercialized their unique

line of greeting cards, Defendants began distributing and selling greeting cards which infringe

Plaintiffs' patent and trade dress rights.  Examples of Defendants' greeting cards are annexed

herewith in Exhibit B.

19.  Upon information and belief, Defendants had knowledge of Plaintiffs' patented

greeting cards, and the unique design of those greeting cards, including the various elements

comprising Plaintiffs' distinctive trade dress, prior to the time that Defendants committed the

4

acts complained of herein.

20. Upon information and belief, Defendants' conduct as described above is willful and wanton, in reckless disregard of Plaintiffs' proprietary rights, and is intended to confuse the relevant public.

## COUNT I.  PATENT INFRINGEMENT

21. Plaintiffs repeat and reallege the allegations of paragraphs 1-20 hereof as if fully set forth herein.

22. Plaintiffs have the full right to enforce United States Letters Patent No. 6,698,117 and to bring an action for patent infringement thereof.

23. Defendants, notwithstanding the rights of Plaintiffs as set forth herein, have infringed United States Letters Patent No. 6,698,117 by manufacturing, offering for sale and selling products which embody the invention of said patent, in disregard of the rights of Plaintiffs under 35 U.S.C. §§271 (a)-(c).

24. Said infringing activities have resulted in the production, distribution and sale of infringing products to retail stores and to the public.

25. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm through diversion of sales, loss of goodwill and diminution of the value of Plaintiffs' patent.

26. Plaintiffs have suffered monetary damages as a result of Defendants' actions in an amount to be determined at trial.  Plaintiffs have no adequate remedy at law.

## COUNT II.  TRADE DRESS INFRINGEMENT

27. Plaintiffs repeat and reallege the allegations of paragraphs 1-26 hereof as if fully set

5

forth herein.

28.  As a result of Plaintiffs' extensive use, advertising and promotion of their greeting cards, the appearance or "look" of Plaintiffs' greeting cards, has become indicative of origin, relationship, sponsorship and/or association with Plaintiffs, and has therefore become protectable trade dress of Plaintiffs.

29.  The design and look of Plaintiffs' greeting cards as described herein, comprise  trade dress which is inherently distinctive and which has otherwise acquired distinctiveness.

30.  The actions of Defendants in producing, marketing and selling their greeting cards with a trade dress essentially identical to that of Plaintiffs, has caused and/or is likely to cause purchasers to believe that they are buying Plaintiffs' greeting cards or an approved or licensed variant thereof, when in fact they are not.

31.  Upon information and belief, Defendants' use of a trade dress identical to that of Plaintiffs' trade dress was designed and intended to cause confusion in the trade and with consumers.

32.  Defendants, by their actions as aforesaid, have willfully and knowingly simulated, and have thereby misappropriated, the appearance of Plaintiffs' greeting cards for the sole purpose of trading on the goodwill of Plaintiffs which Plaintiffs have established in their trade dress, thereby wrongfully increasing Defendants' profits.

33.  Defendants, by their actions as aforesaid, have falsely designated the origin of and have falsely described and/or represented their goods in commerce, in violation of Section 43 (a) of the Trademark Act, 15 U.S.C. § 1125 (a).

34.  Upon information and belief, Defendants had knowledge of the designs Plaintiffs'

6

greeting cards, including the various elements of Plaintiffs' distinctive trade dress, prior to the time that Defendants committed the acts complained herein.

35. Upon information and belief, Defendants' conduct as described above is willful and wanton, and in reckless disregard of Plaintiffs' rights.

36. Upon information and belief, Defendants continue to sell and to solicit orders for their greeting cards.

37. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause substantial confusion among purchasers, and have caused and will continue to cause Plaintiffs to suffer irreparable harm through diversion of sales, diminution of Plaintiffs' trade dress rights, loss of goodwill and diminution of the value of Plaintiffs' advertising of their products.

38. Plaintiffs have suffered monetary damages as a result of Defendants' actions in an amount to be determined at trial. Plaintiffs have no adequate remedy at law.

## COUNT III. UNFAIR COMPETITION
## INCLUDING COMMON LAW TRADE DRESS INFRINGEMENT

39. Plaintiffs repeat and reallege the allegations of paragraphs 1-38 hereof as if fully set forth herein.

40. As a result of Plaintiffs' extensive use, advertising and promotion of their greeting cards, the overall appearance or "look" of Plaintiffs' greeting cards has become indicative of origin, relationship, sponsorship and/or association with Plaintiffs, and has therefore become the protectable trade dress of Plaintiffs.

41. Defendants have copied the aforesaid "look," and said copying has caused confusion and/or is likely to cause confusion in that the trade and relevant public are likely to attribute to

7

Plaintiffs the use by Defendants of virtually the same design on nearly identical greeting cards.

42. Defendants' activities, as aforesaid, are likely to cause confusion, and further constitute "passing off," trade dress infringement and unfair competition under the common law of the Commonwealth of Massachusetts.

43. Upon information and belief, Defendants had knowledge of Plaintiffs' greeting cards, including the various elements of Plaintiffs' distinctive trade dress, prior to the time that Defendants committed the acts complained herein.

44. Upon information and belief, Defendants' conduct as described above is willful and wanton, and in reckless disregard of Plaintiffs' rights.

45. Upon information and belief, Defendants continue to sell and to solicit orders for their products.

46. The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause substantial confusion among purchasers, and have caused and will continue to cause Plaintiffs to suffer irreparable harm through diversion of sales, diminution of Plaintiffs' trade dress rights, loss of goodwill and diminution of the value of Plaintiffs' advertising of their products.

47. Plaintiffs have suffered monetary damages as a result of Defendants' actions in an amount to be determined at trial. Plaintiffs have no adequate remedy at law.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

1. Declare United States Letters Patent No. 6,698,117 to be valid and enforceable and to have been infringed by Defendants;

8



cards with charm®

- the collectible greeting gift -

handmade in the usa
www.cardswithcharm.com
us patent 6698117
©2001

1V716















# EXHIBIT B

Hugs and Kisses



With loving wishes

for a happy

Valentine's Day!

With loving wishes

for a happy

Valentine's Day!



Hugs and Kisses

0273



CARLTON
CARDS
...says it best®

CARLTON CARDS                    CARLTON CARDS
CLEVELAND, OH 44144              TORONTO ONTARIO M9C 1A5



00002

6  61526 29372  9

USA  449  3508400
CANADA  549  CV02735-02N
©AGC Inc.
MADE IN CHINA

0273





00002

6  61526 29372  9

USA 449  3508400
CANADA 549  CVD2735-02N

CARLTON CARDS
CLEVELAND, OH 44144

CARLTON CARDS
TORONTO, ONTARIO M8Z 1S7

©AGC, Inc.
MADE IN CHINA



just a little something
to let you know I love you!

HAPPY VALENTINE'S DAY

0273





00004

6 61526 29372 9

USA 449   3508402
CANADA 549   CVO2735-04N

CARLTON CARDS          CARLTON CARDS
CLEVELAND, OH 44144    TORONTO, ONTARIO M8Z 1S7

© AGC, Inc.
MADE IN CHINA

From Me to You



0273



CARLTON
C  A  R  D  S
...says it best®



00004

6 61526 29372 9

USA 449 3508402
CANADA 549 CV02735-04N

©AGC, Inc.
MADE IN CHINA

CARLTON CARDS
CLEVELAND, OH 44144

CARLTON CARDS
TORONTO, ONTARIO M8Z 1S7



*You reached for a star –*
*and you caught it!*

*Congratulations, Graduate*



0273

CARLTON
C A R D S
...says it best®

00001

6 61526 36027 8

USA 359   3552615
CANADA 469   CG02736-01N

CARLTON CARDS          © AGC, Inc.      CARLTON CARDS
CLEVELAND, OH 44144    MADE IN CHINA    TORONTO, ONTARIO M8Z 1S7

0273

CARLTON
C A R D S
...says it best®

© AGC, Inc.
MADE IN CHINA

CARLTON CARDS
TORONTO, ONTARIO M8Z 1S7

USA 359 3552615
CANADA 469 CG02736-01N

CARLTON CARDS
CLEVELAND OH 44144

0 0 0 0 1

6 "61526 "36027" 8

JS 44 (Rev. 3/99)

**CIVIL COVER SHEET** 05 - 40162 FDS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Paper Concepts, Inc. and Sarah Stefany

**(b)** County of Residence of First Listed Plaintiff  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dana A. Zakarian, Esq.
Nystrom Beckman & Paris LLP, 10 St. James Ave., 16th Fl., Boston MA 02216
(617) 778-9100

**DEFENDANTS**

American Greetings Corporation and Carlton Cards REtail, Inc.

County of Residence of First Listed  Cuyahoga, OH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med. Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

SEE ATTACHED

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE    DOCKET NUMBER

DATE 9/16/05    SIGNATURE OF ATTORNEY OF RECORD  Dana ...

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUN_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., for trade dress infringement under the Trademark Laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051, et seq., and for trade dress infringement arising under the common law of the Commonwealth of Massachusetts.

**05-40162**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only)   **Paper Concepts, Inc. v. American Greetings Corporation**

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

☐   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

☐   V.    150, 152, 153.

3.   Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                YES ☐    NO ☒

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                                YES ☐    NO ☒

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                YES ☐    NO ☒

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                YES ☐    NO ☒

7.   Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                YES ☒    NO ☐

     A.   If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐         Central Division ☐         Western Division ☐

     B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☐         Central Division ☒         Western Division ☐

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   **Dana A. Zakarian**

ADDRESS   **Nystrom Beckman & Paris LLP, 10 St. James Avenue, 16th Fl, Boston, MA 02116**

TELEPHONE NO.   **(617) 778-9100**

(Coversheetlocal.wpd - 10/17/02)